IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEBON B. WALKER                              :
         Petitioner
                                              :
   v.                                         CIVIL ACTION NO. PJM-06-937
                                              :
FRANK C. SIZER, JR.,[1] et al.
         Respondents                  :

**MEMORANDUM OPINION**

The above-captioned application for habeas corpus relief was filed by Lebon B. Walker, through his counsel, on April 5, 2006. The Court has considered the Petition (Paper No. 1), Respondents' Answer (Paper No. 13), and Petitioner's Response thereto. (Paper No. 19). For the reasons that follow, the Petition will be denied and dismissed as time-barred.

**Procedural History**

Petitioner was indicted in the Circuit Court for Montgomery County on October 4, 1991, and charged with one count of conspiracy to commit theft and nine counts of theft of property having a value of $300 or greater. (Paper No. 13, Exhibit 1 at 1 and 3). Petitioner, along with co-defendants Patricia Annette Lee and Anna L. Hall,[2] were scheduled for trial by jury commencing January 18, 1993. (*Id.*, Exhibit 1 at No. 199). Petitioner and Lee disappeared prior to trial and bench warrants were issued for their arrest. (*Id.*, Exhibit 1 at No. 215 and Exhibit 2). Petitioner was tried in absentia, and on February 2, 1993, convicted on all counts. (*Id.*, Exhibits 3-13, Exhibit 14 at 8-10 and Exhibit 1 at No. 261). Petitioner subsequently was arrested, and on February 2, 1994,

---

[1] Frank C. Sizer, Jr., no longer is Commissioner of the Maryland Division of Correction. Acting Commissioner John A. Rowley shall be substituted as a respondent in this case.

[2] Patricia Lee was Petitioner's wife. Anna Hall was his mother-in-law.

-1-

was sentenced to nine consecutive terms of imprisonment of three years on each of the theft convictions and a concurrent three-year term on the conspiracy conviction. (*Id.*, Exhibit 1 at Nos. 312 and 315 and Exhibit 15).

Petitioner and Lee, through counsel, noted a consolidated appeal to the Court of Special Appeals of Maryland, arguing that: (1) the trial court's acquiescence in defense counsel's refusal to participate in the trial denied their Sixth Amendment right to counsel; and (2) the trial court erred in permitting them to be tried in absentia when they were not present at the time trial commenced and defense counsel declined to participate in the proceeding. (*Id.*, Exhibit 16). The Court of Appeals of Maryland on its own initiative issued a writ of certiorari to review the case prior to decision by the intermediate appellate court. On May 10, 1995, the Court of Appeals affirmed the convictions. *See Walker and Lee v. State of Maryland*, 338 Md. 253, 658 A.2d 239 (1995); *see also* Paper No. 13, Exhibit 1 at 367. Reconsideration was denied on June 15, 1995. Petitioner's petition for certiorari review in the United States Supreme Court was denied on October 2, 1995. *See Walker v. Maryland*, 516 U.S. 898 (1995).

On January 31, 1996, Petitioner filed a petition for post-conviction relief in the Circuit Court for Montgomery County. (Paper No. 13, Exhibit 1 at No. 385). That petition was withdrawn without prejudice on September 9, 1996. (*Id.*, Exhibit 1 at No. 415. On April 10, 1997, Petitioner, through counsel Scott Whitney of the Maryland Office of the Public Defender, filed a second post-conviction petition, which was later amended on October 5, 1998. (*Id.*, Exhibit 1 at Nos. 419 and 445). On October 20, 1998, Whitney wrote Petitioner, informing him that the Circuit Court Assignment Office had not yet scheduled a hearing on the post-conviction petition. (Paper No. 19, Exhibit B, ¶ 2). Meanwhile, a petition for writ of habeas corpus filed in the Circuit Court for

Baltimore City, in which Petitioner argued that he had been illegally detained beyond the expiration of his sentence, was the subject of a hearing. Relief was granted on November 5, 1998, and Petitioner was released from custody the following day. (Paper No. 1 at 3, ¶¶ 10-11, Paper No. 13, Exhibits 35-36, and Paper No. 19, Exhibit B, ¶ 2).

On July 25, 2000, Whitney was contacted by the Montgomery County Circuit Court judge assigned to the post-conviction matter with regard to setting a hearing date on the petition. (Paper No. 19, Exhibit B, ¶ 3). Whitney, who learned of Petitioner's release, did not know Petitioner's whereabouts and made no effort to learn same. (*Id.*). On August 1, 2000, Whitney moved to withdraw the post-conviction petition without prejudice and without obtaining Petitioner's consent. The motion was granted on June 19, 2001. (*Id.*). The granting of the motion came two months after the Baltimore City Circuit Court reversed its previous decision and revoked its granting of habeas corpus relief.[3] (Paper No. 1 at 3, ¶¶ 10-11 and Paper No. 13, Exhibit 39).

On September 27, 2001, Petitioner filed a motion to reinstate the second post-conviction petition. (Paper No. 13, Exhibit 20 and Exhibit 1 at No. 454). He also "resubmitted" a post-conviction petition on October 16, 2001, which he supplemented on October 31, 2001. (*Id.*, Exhibit 1 at Nos. 456-458). On April 2, 2002, new counsel entered an appearance on Petitioner's behalf. (*Id.*, Exhibit 1 at No. 461). After some pleadings were stricken and additional pleadings were filed,

---

[3] It is unclear from the pleadings whether Petitioner was reincarcerated as a result of the April 10, 2001, Baltimore City Circuit Court decision. The Court notes that the decision continued to generate additional motions and appeals (*id.*, Exhibits 44, 46, and 47), culminating in a December 16, 2003, denial of relief by the Court of Appeals in *Walker v. State*, 378 Md. 617, 837 A.2d 927 (2003). Some of this litigation was counseled, and Petitioner proceeded pro se in other aspects of this case. In any event, Petitioner did not contact Whitney during this period.

the matter was heard on July 31, 2003.[4]  Relief was denied by court order filed on September 4, 2003.  (*Id.*, Exhibit 1 at No. 482 and Exhibit 25).  Leave to appeal was granted by the Court of Special Appeals.  On February 24, 2005, the intermediate appellate court affirmed the Circuit Court's denial of post-conviction relief.  (*Id.*, Exhibit 29; *see also Walker v. State*, 161 Md. App. 253, 868 A.2d 898 (2005).  Petitioner's request for certiorari review was granted.  *See Walker v. State*, 387 Md. 462, 875 A.2d 767 (2005).  On February 10, 2006, the Court of Appeals affirmed the ruling of the intermediate appellate court upholding the denial of post-conviction relief.  (Paper No. 13, Exhibit 34; *see also Walker v. State*, 391 Md. 233, 892 A.2d 547 (2006).

## Legal Analysis

### Timeliness of the Petition

In an effort to curb lengthy delays in filing federal habeas corpus petitions while preserving the availability of review when a prisoner diligently pursues state remedies and applies for federal habeas review in a timely manner, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  The AEDPA has substantively modified the scope and context of federal habeas corpus review of challenges to state court convictions.  Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court.  *See* 28 U.S.C. §2244(d).[5]

---

[4] Issues raised included claims of trial court error where the matter was tried in absentia despite the fact that Petitioner was never arraigned and never entered a plea, and numerous claims of ineffective assistance of trial and appellate counsel.  Paper No. 13, Exhibits 22-23.

[5] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the

Petitioner's convictions became final on October 2, 1995, when the United States Supreme Court denied certiorari review. Accordingly, the convictions became final prior to the effective date of the AEDPA. *See Wade v. Robinson*, 327 F.3d 328, 332-333 (4th Cir. 2003). A grace period of one year applies to habeas petitioners where the conviction became final prior to April 24, 1996. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996, and expires on April 25, 1997, for convictions which became final before April 24, 1996). This Petition was not filed until April 5, 2006, nearly nine years after the April 25, 1997, deadline for persons with convictions prior to the effective date of the Act. Therefore, the statute of limitations period and tolling provisions set out in § 2244(d) apply to Petitioner.

Petitioner's first petition for post-conviction relief was pending prior to the enactment of the AEDPA. It therefore tolled the limitations period from the date of the Act (April 24, 1996) until the petition was withdrawn without prejudice on September 9, 1996. The limitations period ran from

---

conclusion of direct review or the expiration of the time for seeking such review;

B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

September 10, 1996, through April 10, 1997, when Assistant Public Defender Whitney filed a second post-conviction petition, a period of 211 days,[6] and was tolled during the pendency of the second post-conviction petition. Respondents contend that the limitations period began running again on June 19, 2001, when Whitney's motion to withdraw the second post-conviction petition was granted. Petitioner contends he is entitled to equitable tolling of the limitations period because Whitney lacked authorization to withdraw the second post-conviction petition. This argument is specious at best, inasmuch as Petitioner was released from custody during the pendency of the petition and failed to provide Whitney with his new address.[7]

On September 27, 2001 (99 days after the court granted Whitney's motion to withdraw the second post-conviction petition), Petitioner filed a counseled "Motion to Reinstate Petition for Post-Conviction Relief," on the ground that Whitney was not authorized to withdraw the previously-filed motion after losing contact with Petitioner following Petitioner's November 6, 1998, release from incarceration.[8] (Paper No. 13, Exhibit 20 at 1). The Motion to Reinstate ultimately was denied,[9]

---

[6] At the time the second post-conviction petition was filed, 158 days remained to the one-year limitations period set forth at 28 U.S.C. § 2244(d).

[7] As noted in the Court of Appeals Memorandum Opinion filed May 10, 1995, Petitioner pursuant to a fraudulent scheme begun in 1988 conspired to steal more than $2 million from lenders and investors in a "complicated web of phony real estate projects." Paper No. 13, Exhibit 18 at 1. This Court will not entertain the inference that Petitioner lacked the ability to contact Whitney following release from incarceration, was unaware that he was responsible for informing counsel in his pending case of his whereabouts, or lacked the wherewithal to local counsel through the Office of the Public Defender.

[8] At the time this Motion was filed, Petitioner had 55 days left in which to file a federal petition for habeas corpus relief.

[9] Said denial was filed by the Circuit Court on May 28, 2002, some seven weeks after newly-retained counsel filed an "Amended Petition for Post Conviction Relief." *See* Paper No. 13, Exhibit 1 at 468.

along with three subsequently-filed pleadings[10] (Paper No. 13, Exhibit 1 at No. 468), thus raising the question as to whether any "properly-filed" post-conviction review -- as recognized by State procedure and as required pursuant to 28 U.S.C. § 2244(d)(2) -- was pending between the time Whitney's motion to withdraw was granted and a counseled "Amended Petition for Post Conviction Relief" was filed on May 9, 2002. (Paper No. 13, Exhibit 23 and Exhibit 1 at No. 473).

Petitioner argues that the Montgomery County Circuit Judge who denied the Motion to Reinstate Petition for Post-Conviction Relief incorrectly struck the Motion for failure to comply with Maryland Rule 1-321.[11] (Paper No. 19 at 2-3). Examination of the docket, however, reveals that the Circuit Court struck Petitioner's subsequently-filed pleadings Nos. 456, 457, and 458 – not the Motion to Reinstate -- for failure to comply with the Rule. It simply appears the Circuit Court disagreed with Petitioner's assertion in the Motion to Reinstate that Whitney acted improperly in withdrawing the previously-filed post-conviction petition,[12] a conclusion fully supported by the fact that Petitioner did not reveal his whereabouts to Whitney after he was released from incarceration more than twenty months before the motion to withdraw was filed and two-and-a-half years before it was granted.

Petitioner did not have a "properly filed" post-conviction petition pending between June 19, 2001, and May 9, 2002. His argument that counsel acted improperly in withdrawing his second post-

---

[10] Petitioner now argues that the Circuit Court's rulings on the Motion to Reinstate and the subsequently-filed pleadings were erroneous. Paper No. 19 at 2-3. This Court, however, lacks the authority to ignore those rulings.

[11] That Rule governs service of process requirements.

[12] In any event, the reason, if any, for denying the Motion to Reinstate (Docket No. 454), is not apparent from the pleadings. *See* Docket No. 468, Paper No. 13, Exhibit 1.

conviction petition is devoid of merit, inasmuch as Petitioner's actions led counsel to conclude that Petitioner had abandoned the case.

To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Rouse v. Lee,* 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* The pleadings do not suggest any circumstances that would justify equitable tolling and indeed Petitioner's conduct compels an opposite finding. Accordingly, the Petition is time-barred under 28 U.S.C. §2244(d) and will be denied and dismissed by separate order.

December 18, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE