IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

LE'BON B. WALKER,  *
   Petitioner
                      *

v.                          Civil Action No.: PJM-06-937
                      *

JOHN A ROWLEY et al.,
   Respondent             *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*



**MOTION TO ALTER OR AMEND JUDGMENT**

Comes Now the Petitioner, Le'bon B. Walker, by and through his attorney, Fred Warren Bennett, Esquire, Bennett & Bair, LLP and moves this Honorable Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the Judgment filed herein on December 20, 2006, and for reasons therefore states as follows:

**I**
**THE ISSUE DEALING WITH WHETHER PETITIONER'S STATE SENTENCES WERE PROPERLY COMPUTED/EXECUTED IS NOT TIME-BARRED**

In his Petition for Writ of Habeas Corpus, Petitioner raised the issue of whether or not the State courts unreasonably applied clearly established Supreme Court case law dealing with the computation/execution of Petitioner's sentences (Memorandum of Law in Support of Petition for Writ of Habeas Corpus, pages 24-28). This issue had been raised in the state courts by way of a State Habeas Petition and this issue was **not** part of the issues litigated in

the Petition for Post-Conviction Relief filed in the Circuit Court for Montgomery County, Maryland. The state court Petition for Writ of Habeas Corpus was finally denied on April 10, 2001. Petitioner was then denied relief in the Court of Special Appeals of Maryland on an appeal from the denial of the Petition for Writ of Habeas Corpus and a Petition for Writ of Certiorari to the Court of Appeals of Maryland was thereafter denied on December 16, 2003. Walker v. State, 378 Md. 617 (2003).

Although the sentencing computation/execution issue was included in the Petition for Writ of Habeas Corpus filed in this case, this Court's Memorandum Opinion dealt solely with the question of whether the Cronic issue, which was raised in Petitioner's state court Petition for Post-Conviction Relief, was time-barred under 28 U.S.C. Section 2254. The Cronic issue was the sole issue raised in the Petition for Post-Conviction Relief filed in the Circuit Court for Montgomery County, Maryland, as opposed to the sentencing issue which was dealt with in the State Habeas Petition filed in the Circuit Court for Baltimore City, Maryland.

Petitioner's sentencing issue is **not** time-barred because it is properly cognizable under 28 U.S.C., Section 2241. Of course, 28 U.S.C., Section 2241 has no statute of limitations. While it is unfortunate that undersigned counsel labeled the entire pleading as a Petition for Writ of Habeas Corpus under 28 U.S.C., Section 2254, Petitioner is entitled to a ruling on the merits of the sentencing issues because:

1. Petitioner is in "custody" for purposes of 28 U.S.C., Section 2241 because he is

on parole in the State of Maryland. Jones v. Cunningham, 371 U.S. 236, 243 (1963).

2. Petitioner is attacking the computation and execution of his multiple sentences rather than the legality of the sentences themselves which allows Petitioner to bring this sentencing issue under 28 U.S.C., Section 2241. United States v. Miller, 871 F. 2d 488, 489-90 (4th Cir. 1989); See also In re Vial, 115 F. 3d 1192, 1194 N. 5th (4th Cir. 1997); Hajduk v. United States, 764 F. 2d 795, 796 (11th Cir. 1985); Jacubson v. United States, 542 F. 2d 725, 727 (8th Cir. 1976); Cowles v. Brooks, 241 F. Supp. 2d 579, 581 (E.D. Va. 2002).

Since Petitioner is not challenging the imposition of the sentences or whether the Circuit Court had the authority to impose sentences totaling twenty-four (24) years, but instead is challenging the computation/execution of his sentences by the Maryland Division of Corrections and the construction of these sentences (concurrent vs. consecutive) by the state courts, Petitioner's sentencing issue is properly construed as a claim under 28 U.S.C., Section 2241 and is not time-barred. Section 2255 only applies to cases where a conviction or sentence is challenged as being illegal; where, as here, the issue deals with the computation/execution of Petitioner's eight (8) sentences, i.e. whether these sentences run concurrent or consecutive, the sentencing issue is properly before this court under 28 U.S.C., Section 2241.

**Wherefore**, the premises considered, Petitioner prays:

1. That this Honorable Court grant the Motion to Alter or Amend the Judgment and hold that the sentencing issue is properly before the Court under 28 U.S.C., Section 2241;

the sentencing issue on the merits; and

    3.    For such other and further relief that this Court deems appropriate.

*/s/ Fred Warren Bennett*
Fred Warren Bennett
BENNETT & BAIR, LLP
6301 Ivy Lane, Suite 418
Greenbelt, MD 20770
Tel: 301-220-1570
Fax: 301-220-1577

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion to Alter or Amend Judgment was mailed, postage prepaid, by first class mail this 28th day of December, 2006 to Mary Ann Ince, Esq., Assistant Attorney General, Office of the Attorney General, Criminal Appeals Division, 200 Saint Paul Place, Baltimore, Maryland 21202.

*/s/ Fred Warren Bennett*
Fred Warren Bennett