IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEBON B. WALKER,                    *

     Petitioner                    *

  v.                                    *         CIVIL ACTION NO. PMJ-06-937

JOHN A. ROWLEY, et al.              *

     Respondents                    *

                      *     *     *     *     *

## RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT

Respondents, John A. Rowley, Acting Commissioner of the Maryland Division of Correction, and Douglas F. Gansler, Attorney General of the State of Maryland, by their attorneys, Douglas F. Gansler, Attorney General of Maryland, and Mary Ann Ince, Assistant Attorney General, hereby respond to the Motion to Alter or Amend Judgment, filed by Petitioner Walker.  In his Petition for Writ of Habeas Corpus  (Paper No. 1), as well as his Response to the Answer to his federal habeas petition (Paper No. 19), Petitioner Walker explicitly stated that he was seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Following this Court's Memorandum Opinion and Order of December 18, 2006, denying Walker's Petition for Habeas Corpus Relief pursuant to §2254 and dismissing the matter with prejudice as time-barred, Walker now seeks amendment of this Court's ruling.  Walker specifically argues, for the first time in his Motion to Alter or Amend Judgment, that his third federal habeas claim, challenging the state habeas court's ruling that his sentences are legal, "is properly cognizable under 28 U.S.C., Section 2241," and that "it is unfortunate" that

counsel petitioned for relief under 28 U.S.C. § 2254. (*See* Paper No. 22 at 2). Walker's

Motion to Alter or amend Judgment should be denied for the following reasons:

1.     In their Answer to Walker's federal habeas petition, Respondents argued on

the basis of, inter alia, *Rose v. Hodges*, 423 U.S. 19, 21 (1975), *Estelle v. McGuire*, 502

U.S. 62 (1991), and *Hill v. Wampler*, 298 U.S. 460 (1936), that Walker's Ground 3 relating

to the state habeas court's denial of his challenge to the legality of his sentences: 1) alleged

solely violations of state law and procedure which do not infringe specific federal

constitutional protections and, thus, were not cognizable under § 2254; 2) was procedurally

defaulted based upon Walker's failure to seek review of the state habeas court's ruling

upholding the legality of his sentences and the state intermediate appellate court's plain

statement of that default; and, 3) was presumptively correct on authority of the Maryland

Court of Appeals' ruling in *MCI v. Lee*, 362 Md. 502, 766 A.2d 80 (2001).  (Paper No. 13

at 42-45).  On the basis of the authorities relied upon by Respondents, this Court has properly

denied and dismissed Walker's federal habeas petition.

2.     In addition to the fact that Walker did not seek review of the state circuit

court's ruling denying state habeas corpus relief as to his claim of sentence illegality, but

only sought review of the state habeas court's denial of his motion for reconsideration, more

than two years elapsed following the Maryland Court of Appeals' denial of his petition for

certiorari review of the intermediate appellate court's affirmance of the denial of

reconsideration before Walker filed his federal habeas corpus petition pursuant to 28 U.S.C.

§ 2254.  Accordingly, this Court properly dismissed Walker's claim as time-barred.

3.     Because, by his federal habeas petition, Walker was challenging his judgment of conviction on his state criminal charges, 28 U.S.C. § 2254 (assuming Walker's satisfaction of the prerequisites for federal court review of such challenge), not 28 U.S.C. § 2241, was the appropriate statutory authority for such challenge. Contrary to Walker's assertion for the first time in his Motion to Alter or Amend, 28 U.S.C. § 2241 does not apply to his illegality of sentence claim raised in Ground 3 of his Petition, following his conviction in state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (recognizing that, under § 2241, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court" (citing dissenting opinion of Rehnquist, J., to like effect)).  In this respect, as well, Walker states no basis for alteration of this Court's ruling.

3

WHEREFORE, Respondents respectfully request that this Honorable Court deny Walker's motion to alter or amend the judgment.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


_____/s/_____
MARY ANN INCE
Assistant Attorney General
Bar No. 07745

Office of the Attorney General
Criminal Appeals Division
200 Saint Paul Place
Baltimore, Maryland  21202
(410) 576-6970 (telephone)
(410) 576-6475 (telecopier)

Counsel for Respondents

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2007, a copy of the foregoing Response to Motion to Alter or Amend Judgment, which was electronically filed on January 16, 2007, was mailed, first class, postage prepaid, to Fred Warren Bennett, Esquire, Bennett & Bair, LLP, 6301 Ivy Lane, Suite 418, Greenbelt, Maryland 20770.


_____/s/_____
MARY ANN INCE
Assistant Attorney General

*INCEM\walker.response.mot.alter*

4