IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


LEBON B. WALKER                          :
             Petitioner

                                :

      v.                             CIVIL ACTION NO. PJM-06-937

                                :

JOHN R. ROWLEY, et al.
             Respondents              :


**MEMORANDUM OPINION**

On December 18, 2006, this Court denied federal habeas relief pursuant to 28 U.S.C. § 2254 and dismissed the matter with prejudice as time-barred.  Now before the Court is Petitioner's Motion to Alter or Amend Judgment, alleging that his claim that the sentences imposed by the Montgomery County Circuit Court are illegal should not be deemed time-barred, but instead should be deemed "cognizable under 28 U.S.C. § 2241" and addressed on the merits  (Paper No. 22 at 2).

Preliminarily, the Court finds that the attack on the aggregate sentences imposed by the sentencing court was properly presented in the Petition pursuant to 28 U.S.C. § 2254.  State review of the sentences was completed at the latest on December 16, 2003, when the Court of Appeals of Maryland denied certiorari review of state habeas corpus proceedings addressing the issue.  *See Walker v. State*, 378 Md. 617, 837 A.2d 927 (2003).  Petitioner did not initiate federal habeas corpus review until April 5, 2006, well outside the one-year limitations period afforded pursuant to 28 U.S.C. § 2244(d).  Any review under 28 U.S.C. § 2254 is clearly time-barred.

Having found the claim to be time-barred, the Court will nonetheless address Petitioner's contention that the attack on his sentences can be construed pursuant to 28 U.S.C.  § 2241 and thus

-1-

escape the one-year limitations period imposed on petitions filed under § 2254.  (Paper No. 22 at

2). Citing *United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) and *In re Vial*, 115 Fed 1192

1194 (4th Cir. 1997), Petitioner argues that § 2241 review is warranted because he is attacking the

computation and execution of his multiple sentences, rather than the legality of the sentences

themselves.[1]  (Paper No. 22 at 3).

The following sentence was imposed by the Circuit Court for Montgomery County:

On count number one for the offense of conspiracy to commit theft over the value of $300, the sentence will be three years in the Department of Corrections.

Count number two, felony theft from B.F. Saul, the sentence of this Court will be three years in the Department of Corrections, concurrent to count number one.

Count number three, felony theft from Chevy Chase Savings Bank, the sentence of this Court will be three years in the Department of Corrections, and that will be consecutive to counts one and two.

On count number four, felony theft from American Home Funding, the sentence will be three years in the Department of Correction, consecutive to count three.

On count number five, felony theft from Sigfried and Margo Temp, the sentence of the Court will be three years in the Department of Corrections, consecutive to count four.

On count number six, the conviction for felony theft from Edward and Ping Wan, the sentence of the Court will be three years in the Department of Corrections, consecutive to count number five.

---

[1]

Petitioner, tried in absentia after disappearing prior to trial, was convicted of one count of conspiracy to commit theft and nine counts of theft of property having a value of $300 or greater.  Paper No. 13, Exhibit 1 at 1 and 3.  He was subsequently arrested and on February 2, 1994, sentenced to eight consecutive terms of imprisonment of three years on eight of the theft convictions.  A concurrent three-year term was imposed on the conspiracy conviction and a concurrent three-year term also was imposed on the first theft conviction.  *Id.*, Exhibit 1 at Nos. 312 and 315 and Exhibit 15.  Petitioner's wife and co-defendant, Patricia Lee, also was sentenced to the same length of confinement during this proceeding.  *Id.*

On count number seven, felony theft from Republic Federal Savings Bank, the sentence of this Court will be three years in the Department of Corrections, consecutive to count number six.

On count number eight, for the felony theft from Trust Bank, Federal Savings Bank, the sentence of this Court will be three years in the Department of Corrections, consecutive to count number six.

On count number nine, the charge of felony theft from Edward I. and Ping Wan, the sentence of this Court will be three years in the Department of Corrections, concurrent to count number six.

On county number ten, felony theft from Crestar Bank, the sentence of this Court will be three years in the Department of Corrections, consecutive to count number eight.

The sentences will be served concurrently with the sentence imposed by Judge Weinstein earlier this week.  Mr. Walker will receive credit for 390 days he has already served.

(Paper No. 13, Exhibit 15 at 136-137).

Despite the apparent intent of the sentencing judge, on November 5, 1998, the Circuit Court for Baltimore City granted Petitioner's request for habeas corpus relief, on the basis that the language used by the sentencing judge "was the legal equivalent of eight three-year sentences to be served concurrent to each other and concurrent to" the sentence imposed by Judge Weinstein.[2] (Paper No. 13, Exhibit 35 at 3 and Exhibit 36).  On November 16, 1998, the State filed a motion to alter or amend judgment and stay proceedings (*id.,* Paper No. 35 at 3 and Exhibit 37), which Petitioner opposed.  (*Id.,* Exhibit 35 at 3 and Exhibit 38).  No further action was taken on the matter until April 10, 2001, when the Circuit Court granted the State's motion to alter or amend, vacated

---

[2]     As a result of this ruling, Petitioner was released from incarceration the following day.

its order granting habeas relief, and denied and dismissed the habeas petition.[3]  (*Id.*, Exhibit 35 at 4 and Exhibit 39).  Petitioner sought reconsideration of the denial (*id.*, Exhibit 35 at 4 and Exhibit 40), which was denied in a Memorandum and Order and Corrected Order filed March 4 and 5, 2002. (*Id.*, Exhibit 35 at 6 and Exhibits 41 and 42).  Petitioner's supplemental motion for reconsideration (*id.*, Exhibit 42) was denied on June 27, 2002.  (*Id.*, Exhibit 35 at 6 and Exhibit 43).

On July 22, 2002, Petitioner, through counsel, noted an appeal from the Circuit Court's denial of his supplemental motion for reconsideration, raising the single issue of whether the Circuit Court abused its discretion in denying the motion for reconsideration of the denial of habeas relief. (*Id.*, Exhibit 44).  On August 6, 2003, the Court of Special Appeals of Maryland affirmed the Circuit Court's ruling in an unreported opinion.  (*Id.*, Exhibit 46).  Petitioner's pro se petition for writ of certiorari raised a plethora of allegations of error, for the first time including an argument that the Supreme Court mandates that the language used by the sentencing judge constitutes the actual sentence.[4]  (*Id.*, Exhibit 47).  Certiorari review was denied by the Court of Appeals of Maryland on December 16, 2003.  *See Walker v. State*, 378 Md. 617, 837 A.2d 927 (2003).

---

[3]

     Specifically, the Circuit Court found that its "earlier decision that Petitioner was only required to serve three years concurrent to Judge Weinstein's sentence was directly inconsistent with the Court of Appeals' decision in Mrs. Lee's case involving the identical sentencing done at the same time."  The Circuit Court found it was "obliged to follow the dictates of the appellate court in this case."  *Id.*, Exhibit 39 at 6 and 13.

[4]

     Petitioner cites *Hill v. Wampler*, 298 U.S. 460 (1936) to support his contention that the language used by the sentencing court mandates imposition of concurrent three-year sentences imposed concurrent with the five-year sentence imposed in a separate matter by another judge.  In *Wampler*, the defendant was sentenced to "Fine five thousand dollars and eighteen months in penitentiary on each count of the indictment, said terms of imprisonment to be computed as beginning this 28th day of December, 1933; fines to be cumulative and terms of imprisonment to run concurrently, and that traverser pay costs of proceedings."  *Id.* at 461.  The commitment order, however, added the requirement that "in default of payment of said fines and costs, [defendant] stand further committed until the payment of said fines and costs or until discharged by due process of law."  *Id.*  While this circuit recognizes that any conflict between the oral sentence and the commitment order is resolved in favor of the oral pronouncement, *see United States v. Morse*, 344 F.2d 27, 29 n. 1 (4th Cir. 1965), the factual conflict between oral sentence and the commitment order described in the cases cited by Petitioner does not exist here.

Petitioner contends he is entitled to federal habeas corpus relief amending his commitment to reflect the oral sentences reflected in the record because, in following the dictates of the Maryland Court of Appeals, the Circuit Court failed to follow clearly-established Supreme Court precedent in *Hill v. Wampler*.[5]  (Paper No. 1 at 25-28).  Respondents contend this claim: (1) solely alleges a violation of state law and procedure not infringing a specific federal constitutional protection and, thus, is not cognizable; and (2) is procedurally defaulted, based on Petitioner's failure to seek review of the Circuit Court's ruling upholding the legality of his sentences and the Court of Special Appeals' plain statement of that default.[6]

The Court shall first address Respondents' argument concerning procedural default.  The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  In *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), the Supreme Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure. In *Harris v. Reed,* 489 U.S. 255, 267 (1989), the Court emphasized that a federal court has the responsibility to determine whether a state court in fact based its denial of relief on procedural grounds.  In *Teague v. Lane*, 489 U.S. 288, 299 (1989), however, the Court determined that the rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim

---

[5]

In *Hill v. Wampler,* 298 U.S. 460, 464 (1936), the Supreme Court held that the oral pronouncement of the sentencing court was controlling over written commitment orders.

[6]

*See id.*, Paper No. 46 at 27.  Respondents also contend that the ruling was presumptively correct based on authority of the Maryland Court of Appeals' ruling in *MCI v. Lee*, 362 Md. 502, 766 A.2d 80 (2001).  This contention need not be addressed here.

that is later raised in a federal habeas proceeding.  *See id*.  at 299.  Thus, claims which have never been presented in the state courts -- or claims which were not exhausted properly in the state courts -- are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *See Johnson v. Maryland*, 915 F.2d 892, 895 (4th Cir. 1990).

Petitioner clearly failed to present any federal challenge to his sentences in his original state habeas corpus petition, his motion for reconsideration, or his supplement thereto.  A constitutional attack on the sentences was first made in Petitioner's brief to the Court of Appeals of Maryland requesting certiorari review.  Thus, his argument under *Hill v. Wampler* was not exhausted at the state court level and is subject to procedural default here.

A federal court may nonetheless consider the merits of a procedurally defaulted claim if a petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *see Wainwright,* 433 U.S. at 87, or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims.  *See Gray v.  Netherland*, 518 U.S. 152, 160 (1996);  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner, who has been represented by counsel throughout his criminal proceedings, has not established cause for such default.  The second exception, the miscarriage of justice standard, is directly linked to innocence.  *See Schlup v. Delo***,** 513 U.S. 298, 320 (1995).  Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id*.; *see also  Murray v. Carrier*,  477 U.S. 478, 496 (1986).  The trial record does not establish a likelihood of innocence, and the sentencing transcript reveals a judicial intent to render a substantial sentence for the crimes committed by Petitioner in an effort to curb fraudulent schemes in the future.  (Paper No. 13, Exhibit 15 at 129-136).

Petitioner is not entitled to habeas corpus relief on his claim of improper computation and execution of his multiple sentences.  A separate Order follows.

                  /s/
            PETER J. MESSITTE
            UNITED STATES DISTRICT COURT

March 14, 2007