IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MARYLAND

| | | |
|---|---|---|
| LE'BON B. WALKER, <br>     Petitioner | * | |
| | * | |
| v. | | Civil Action No.: PJM-06-937 |
| | * | |
| Frank C. Sizer, Jr, et al., <br>     Respondent | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO RECONSIDER DENIAL OF MOTION TO RECONSIDER
DENIAL OF MOTION TO RE-DATE ORDER DENYING
MOTION TO ALTER OR AMEND JUDGMENT**

Comes Now the Petitioner, Le'Bon B. Walker, by and through his attorneys, Gary E. Bair, Rachel Marblestone Kamins, and Bennett & Bair, LLP, and moves this Honorable Court to reconsider its July 11, 2007 Order denying Petitioner's Motion to Reconsider Denial of Motion to Re-date Order Denying Motion to Alter or Amend Judgment, and for reasons therefore states as follows:

1. On December 18, 2006, this Court denied federal habeas relief to Petitioner pursuant to 28 U.S.C. § 2254.

2. A timely filed Motion to Alter or Amend Judgment was denied in a Memorandum Opinion on March 14, 2007.

3. Having not received electronic notification of the Court's decision, and unaware that a decision had even been filed, previous counsel for Mr. Walker, Fred Warren Bennett,

wrote a letter to the Court on May 3, 2007, seeking a ruling on the Motion.

4. On March 8, 2007, in response to his inquiry, Mr. Bennett received, by facsimile, the Order and Memorandum Opinion.

5. By that time, of course, the 30-day time period within which Petitioner could appeal to the Fourth Circuit had expired.

6. Mr. Bennett then filed a Motion to Re-date Order, stating that he had never received any notification of the May 14, 2007 Order.

7. On June 26, 2007, the Court denied Petitioner's Motion, stating that Mr. Bennett "did receive the March 14, 2007 decision via email. That he may have failed to master the intracacies of the system, which provides nearly instantaneous e-mail notification of all matters docketed in this and other civil cases in which he has entered an appearance, does not merit the relief he now seeks."

8. On June 27, 2007, Petitioner filed a Motion for Reconsideration of Order Denying Motion to Redate, attaching thereto copies of all emails received during the month of March, 2007, as documentary proof that counsel never received email notification of the March 14, 2007 Order.

9. On July 11, 2007, the Court denied the Motion for Reconsideration, stating that "[a] search of the Clerk's electronic docketing system reveals that notification of the Memorandum Opinion and Order 'bounced back' because counsel's email box was full. Fault lies with counsel, and not the Court."

10. As the foregoing demonstrates, the Court's <u>initial</u> basis for denying Petitioner's Motion to Redate the March 14th Order was that, in the Court's view, Mr. Bennett in fact did receive the electronic notification, his protestation to the contrary notwithstanding. In its <u>latest</u> ruling, the Court has changed its position and conceded that, in fact, Mr. Bennett <u>did not</u> receive the electronic notification because the message "bounced back" to the Clerk's Office. The reason the message "bounced back" was that counsel's email box was full, a fact the Court blames on Mr. Bennett.

11. Undersigned counsel for Petitioner urges this Court to reconsider its denial of Petitioner's Motion to Redate because Petitioner should not be deprived of his right of appeal to the Fourth Circuit by missing a filing deadline resulting from a glitch in the electronic filing system. In no uncertain terms, Petitioner's attorney <u>did not</u> receive the email notification in question, a fact the Court does not contest. Furthermore, the Clerk's Office <u>knew</u> that the email had not gone through because, according to the Court, their system showed that the message "bounced back." Inexplicably, no effort was then made by the Clerk to re-send the email message or to notify counsel that the message could not be delivered to his email box. Although it unquestionably is the responsibility of attorneys to be cognizant of when their email system gets overloaded, the fact remains that counsel, in this instance, was not. Being completely dependent on this new "CM/ECF" technology for notification of court activity, and as a result of an inherent flaw in the system, Petitioner has been deprived of his right to appeal. He respectfully asks this Court to accept his account of

what happened, excuse what amounts to nothing more than an overworked Mr. Bennett's failure to "clean out" his email box, acknowledge that there was some responsibility on the part of the Court to re-send the notification once it "bounced back," and re-date the Order denying the Motion to Alter or Amend Judgment so that Petitioner may note an appeal to the Fourth Circuit, as is his right.

                Respectfully submitted

                _____/s/_____
                Gary E. Bair
                Rachel Marblestone Kamins
                BENNETT & BAIR, LLP
                6301 Ivy Lane, Suite 418
                Greenbelt, MD 20770
                Tel:   301-220-1570
                Fax:   301-220-1577

### CERTIFICATE OF SERVICE

  This is to certify that on this 20th day of July, 2007 a copy of the foregoing Motion to Reconsider Denial of Motion to Reconsider Denial of Motion to Re-Date Order Denying Motion to Alter or Amend Judgment to Reflect a Decision Date of June 14, 2007 was mailed, postage prepaid, by first class mail, to Mary Ann Ince, Esq., Assistant Attorney General, Office of the Attorney, Criminal Appeals Division, 200 Saint Paul Place, Baltimore, Maryland 21202.

                _____/s/_____
                Rachel Marblestone Kamins

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LE'BON B. WALKER,<br>    Petitioner | * | |
| | * | |
| v. | | Civil Action No.: PJM-06-937 |
| | * | |
| Frank C. Sizer, Jr, et al.,<br>    Respondent | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER

Upon consideration of Petitioner's Motion to Reconsider Denial of Motion to Reconsider Denial of Motion to Re-date Order Denying Motion to Alter or Amend Judgment, it is this _____ day of _____, 2007,

ORDERED, that the Motion be and the same hereby is GRANTED; and that the Order denying Petitioner's Motion to Alter or Amend Judgment, originally dated March 14, 2007, be re-dated with the date this Order is signed.

                                                                                       Judge